IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
AUG - 7 2013
J. T. NOBLIN, CLERK
BY_____ DEPUTY

JANET COYLE                                                                 PLAINTIFF

vs.                                                        CAUSE NO.: 4:13cv129 HTW-LRA

ANDERSON REGIONAL MEDICAL CENTER and
ANDERSON PHYSICIAN ALLIANCE, INC.                                          DEFENDANTS

## COMPLAINT

### (JURY TRIAL DEMANDED)

COMES NOW, Plaintiff Janet Coyle, by and through undersigned counsel, and for her cause of action against Defendants Anderson Regional Medical Center, (hereinafter "Anderson Regional") and Anderson Physician Alliance, Inc. (hereinafter "Anderson Physician") states and alleges as follows:

### VENUE and JURISDICTION

1.      Plaintiff brings this action against Defendant for violation of Plaintiff's rights under the Constitution and laws of the United States.

2.      This is an action for unlawful race discrimination brought under and pursuant to 42 U.S.C. § 2000 (Title VII) of the Civil Rights Act, and 42 U.S.C. §1981.

3.      On or about April 25, 2012, Plaintiff filed a charge of discrimination with the U. S. Equal Employment Opportunity Commission, Jackson Area Office.

4.      On or about May 3, 2013, the U. S. Equal Employment Opportunity Commission, Jackson Area Office issued a "Right to Sue" letter to the Plaintiff for the actions alleged in this Complaint. Please see "Right to Sue" letter attached hereto as Exhibit "A". Plaintiff has fully complied with the pre-requisites to jurisdiction by this Court under 42 U.S.C. § 2000 *et. seq.*

5. Jurisdiction for Plaintiff's claims arising under 42 U.S.C. § 1981 is conferred by 28 U.S.C. § 1331. More specifically, this action involves a federal question. All pertinent events that give rise to this action occurred in Lauderdale County, Mississippi. Therefore, venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(2).

6. Plaintiff request a trial by jury on all issues triable to a jury.

## PARTIES

7. Plaintiff Janet Coyle is a Native American female who, at all times pertinent to this action worked in Lauderdale County, Mississippi.

8. At all times relevant to this action, Defendant Anderson Regional Medical Center was a hospital authorized to do and doing business in the State of Mississippi and in Lauderdale County.

9. Defendant Anderson Physician Alliance, Inc. is a Mississippi Corporation authorized to do and doing business in the State of Mississippi and in Lauderdale County.

10. Both Defendants employ more than fifteen employees.

11. Defendants are employers within the meaning of Title VII.

12. All actions, omissions, and conduct of the Defendants that is pertinent to this action were performed by their employees, agents, and representatives while in the course and scope of their agency or employment.

## FACTS COMMON TO ALL COUNTS

13. On or about August 15, 2011, Plaintiff began employment with Defendant. Plaintiff was an employee of either Anderson Regional or Anderson Physician, and upon receipt of information and documentation as to Plaintiff's employer the other Defendant will be voluntarily dismissed by Plaintiff. The remaining allegations of this Complaint apply to the specific entity

which was Plaintiff's employer. Plaintiff was continuously employed by Defendant from August 15, 2011 until her termination on or about February 5, 2012.

14. Plaintiff was terminated by letter from Richard Hightower, an Officer of Defendant.

15. The reasons for termination stated in the aforesaid letter were a pretext. Plaintiff was terminated as a result of her race, ethnicity and her gender.

16. Plaintiff's replacement was Caucasian.

17. Plaintiff's replacement was a white employee with less experience than Plaintiff.

18. Plaintiff has been unable to find employment for the same or greater compensation as Plaintiff was paid by Defendant and therefore Plaintiff has suffered economic loss as a result of termination by Defendant.

## COUNT I - TITLE VII

19. Plaintiff restates and alleges paragraphs 1 - 19, including all subparts, as though fully set forth below.

20. Defendant discriminated against Plaintiff due to her race.

21. Defendant discriminated against Plaintiff by terminating her due to her race and replacing her with a Caucasian.

22. The above-described actions are discriminatory in nature and specifically designed to deny Plaintiff the opportunities and benefits of similarly situated white employees.

23. Plaintiff seeks damages under Title VII of the Civil Rights Act for the Defendant's unlawful employment practices which are related in whole or in part to Plaintiff's race, color, and/or sex, that being Native American and/or female.

WHEREFORE, Plaintiff prays for judgment for Count I in her favor and against the

Defendant and requests the following relief:

    a.    Declaration that the acts of Defendant as described herein are in violation of Title VII;

    b.    Plaintiff be compensated for lost income and benefits due to her termination and failure to receive promotions and upgrades;

    c.    Defendant pay Plaintiff's attorney's fees and litigation costs;

    d.    Defendant issue a letter of apology to Plaintiff apologizing for Defendant's discriminatory and illegal employment practices;

    e.    Defendant institute affirmative action policies designed to enhance the ability of Native American employees to be promoted by Defendant; and

    f.    As Defendant's conduct is outrageous, evil, and evinces a conscious disregard and reckless indifference for the right of others, that Defendant be ordered to pay punitive damages in an amount such that it will deter similarly situated employers from engaging in like conduct.

## COUNT II - 42 U.S.C. § 1981

24.    Plaintiff restates and realleges paragraphs 1 - 24, including all subparts, as though fully set forth below.

25.    Plaintiff asserts a claim for unlawful interference with her right to contract, apply for and/or obtain employment on an equal basis as white citizens due to her race and/or color and/or gender.

26.    Plaintiff asserts a claim for unlawful interference with her right to equal benefit from her employment on an equal basis as white citizens due to her race and/or color and/or gender.

27	Defendant treated Plaintiff differently than her white co-workers because she was a member of the Native American race in that Defendant prevented Plaintiff from receiving her employment rights equal to those of her white co-workers.

WHEREFORE, Plaintiff prays for judgment for Count II in her favor and against the Defendant and request the following relief:

- a. Declaration that the acts of Defendant described herein were in violation of 42 U.S.C. § 1981;
- b. Plaintiff be compensated for lost income and benefits due to his termination and failure to receive promotions and upgrades;
- c. Defendant pay Plaintiff's attorney's fees and litigation costs;
- d. Defendant issue a letter of apology to Plaintiff apologizing for Defendant's discriminatory and illegal employment practices;
- e. Defendant institute affirmative action policies designed to enhance the ability of Native American employees to be promoted by Defendant; and
- f. As Defendant's conduct is outrageous, evil, and evinces a conscious disregard and reckless indifference for the right of others, that Defendant be ordered to pay punitive damages in an amount such that it will deter similarly situated employers from engaging in like conduct.

WHEREFORE, Plaintiff prays that this Complaint be received and filed and after proper service upon Defendants Anderson Regional Medical Center and Anderson Physician Alliance, Inc. there be judgment herein on Count I and Count II as prayed for herein above, and Plaintiff furthers prays the Defendants be ordered to pay her all costs of court, reasonable attorney's fees,

reimbursement of all expenses incurred by attorneys and Plaintiff in the prosecution of this action. Plaintiff further prays for punitive damages and injunctive relief as stated herein. Plaintiff prays for interest on all such amounts as allowed by law, and Plaintiff further prays for all relief to which dhe is entitled by law.

RESPECTFULLY SUBMITTED this the 26 day of July 2013.

JANET COYLE, Plaintiff

By: _____
CAREY R. VARNADO (MSB # 6593)

MONTAGUE, PITTMAN & VARNADO
525 Main Street
Post Office Drawer 1975
Hattiesburg, MS 39403-1975
Telephone: 601-544-1234
Facsimile: 601-544-1280
E-mail: cvarnado@mpvlaw.com